IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-25-337-D |
| ) | |
| MICHAEL DEWAYNE HEBERT, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Defendant's Unopposed Motion to Continue Jury Trial and Extend Pretrial Deadlines [Doc. No. 19]. For the following reasons, the motion is **GRANTED**.

**BACKGROUND**

Defendant was charged in an Indictment [Doc. No. 3] with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Defendant appeared for arraignment before United States Magistrate Judge Suzanne Mitchell on September 5, 2025, and entered a plea of not guilty. The case was set on the Court's October 14, 2025 jury trial docket [Doc. No. 8].

On October 8, 2025, Defendant filed the instant motion to continue the jury trial to the November 4, 2025 trial docket [Doc. No. 19]. Defense counsel represents that she needs additional time to consult with Defendant, review discovery, investigate relevant facts of the case, and explore a possible resolution of this matter. The government is not opposed to a continuance. Defendant has filed a Waiver of Right to Speedy Trial [Doc. No. 19-1].

1

## ANALYSIS

Upon consideration of the motion and the ends of justice, the Court finds that the need for a continuance outweighs the best interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *see also United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009). For the reasons set forth in Defendant's motion, the Court finds that a refusal to grant the requested continuance would unreasonably deny Defendant's counsel the time reasonably necessary for effective preparation, despite due diligence, and would likely result in a miscarriage of justice.

In making these findings, the Court has fully considered the statutory factors set forth in § 3161(h)(7)(B) and has concluded that the requested continuance is fully consistent with congressional policies and binding precedent. *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269. The Court has also considered the length of delay, the reason for delay, any prejudice, and other relevant circumstances. *Toombs*, 574 F.3d at 1273. Further, no circumstance is present that would prohibit a continuance pursuant to § 3161(h)(7)(C). Therefore, the period of delay caused by the granting of this motion is excludable for purposes of the Speedy Trial Act.

Accordingly, Defendant's Unopposed Motion to Continue Jury Trial and Extend Pretrial Deadlines [Doc. No. 19] is **GRANTED**. This case is stricken from the October 14, 2025 jury trial docket and is rescheduled on the November 4, 2025 jury trial docket. The parties shall file all pre-trial motions **on or before October 14, 2025**.

**IT IS SO ORDERED** this 10th day of October, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge